UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACI BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLIED HOME MORTGAGE CAPITAL CORP., *et al.*,<br><br>*Defendants*. | Civil Action No. 17-2101 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Traci Brown, proceeding *pro se*, commenced this action and another nearly identical action in the Superior Court for the District of Columbia against several banking and mortgage institutions, seeking damages and injunctive relief relating to an allegedly "predatory" loan agreement and other allegedly unlawful practices.[1] *See* Dkt. 1-1; *Brown v. Americus Mort. Corp.*, No. 17-cv-2102, ECF No. 1-1. Both cases were removed to this Court, and, pursuant to Federal Rule of Civil Procedure 42(a), the Court consolidated the two actions. *See* Minute Order (Dec. 5, 2017).

Presently before the Court are Brown's motion to remand, Dkt. 16, and Defendants Nationstar Mortgage LLC, MetLife Inc., MetLife Home Loans LLC, MetLife Bank, N.A., and First Tennessee Bank National Association's ("Nationstar Defendants'") motion to dismiss, Dkt. 12. Brown contends that the cases were improperly removed because the removal petition in Civil Action No. 17-2101 was not timely filed, Dkt. 16 at 4–7, and because the removing defendants failed to obtain the consent of the other defendants in either case, *id.* at 7–9. The

---

[1] For ease of reference, the Court will simply refer to "the complaint" unless otherwise noted.

Nationstar Defendants oppose the motion, Dkt. 21, and contend that the cases should be dismissed for a variety of reasons, including for lack of standing because Brown filed for Chapter 7 bankruptcy in 2009 without disclosing her potential, pre-petition claims, Dkt. 12-1 at 13–14. In their view, that omission means that any such causes of action remain the property of the bankruptcy estate and, as a result, Brown lacks standing to pursue them. *Id.*

For the reasons explained below, the Court is unpersuaded by Brown's contention that the removing defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446(b) and thus declines to remand the actions. In contrast, the Court agrees with the Nationstar Defendants that Brown lacks standing to pursue her pre-petition claims. Brown, for her part, does not meaningfully dispute that contention, but requests that the Court stay the consolidated action to allow her to seek appropriate relief in the bankruptcy court. The Court will grant her a limited period of time to attempt to do so and will, accordingly, stay the action until further order of the Court and will direct that Brown file a status report with the Court every 60 days regarding the status of the bankruptcy court proceeding. Finally, the Court notes that Brown contends that some of her claims relate to post-petition conduct. Defendants correctly observe that the complaint, as currently pled, fails to set forth any such distinct claims with sufficient clarity to satisfy Federal Rule of Civil Procedure 8(a). The Court will postpone addressing how best to address that deficiency, however, until after Brown has had the opportunity to seek relief in the bankruptcy court proceeding.

## I. BACKGROUND

For purposes of the pending motions to dismiss for lack of jurisdiction, the Court takes the allegations of the complaint as true but also considers the "undisputed facts evidenced in the record" relating to Brown's standing. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.

2

Cir. 1992); *see also Arora v. Buckhead Family Dentistry, Inc*., 263 F. Supp. 3d 121, 126 (D.D.C. 2017); *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C. 2016).

Although the complaint is not entirely clear, it appears to allege that Brown obtained a home mortgage loan from First Horizon Home Loan Corporation ("First Horizon") in July 2004 and that First Horizon was owned by First Tennessee Bank National Association ("First Tennessee") at that time. Dkt. 1-1 at 3. She further alleges that her mortgage broker, Allied Home Mortgage Capital Corporation, "referred" her to First Horizon, *id.* at 4–5, and that she entered into a loan modification in 2015, *id*. at 23. A number of intervening acquisitions and transfers further complicate matters. According to the complaint, First Tennessee sold First Horizon to MetLife Bank, N.A. ("MetLife") in 2008, and, in 2012, MetLife sold its banking unit to G.E. Capital and its mortgage servicing business to JPMorgan Chase. *Id.* at 3. But, even before MetLife sold its mortgage servicing business to JPMorgan Chase, yet another company, Nationstar Mortgage Company, began servicing the loan. *Id.* Brown concedes that she defaulted on the loan in 2015. *Id.* at 24.

Brown alleges that the loan was a "predatory and toxic subprime loan;" that Defendants made "false representation[s]" and failed to disclose material information in order to "induce" her to "accept" an adjustable rate mortgage; and that Defendants "steered" her toward the subprime loan even though she would have qualified for a "prime loan" at the time. *Id.* at 7. She further alleges that Defendants' unlawful conduct continued over a period of eleven years; that she received "erroneous mortgage statements;" that she was "repeatedly assessed improper and excessive late fees;" and that she was repeatedly provided false or incomplete information. *Id.* at 20–21, 30. Much of this conduct, she further alleges, was the product of racial discrimination. *Id.* at 35–36.

In December 2009, Brown filed a petition for voluntary Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the District of Columbia. *See* Dkt. 12-2. In the required Summary of Schedules, she recorded $601,224.00 in total assets and $1,060,233.73 in total liabilities. *Id.* at 2. As relevant here, "Schedule B" instructed Brown to list "contingent and unliquidated claims of every nature," and Brown indicated that she had none. *Id.* at 5. After the initiation of this lawsuit, Brown sought, and was granted, leave to reopen her bankruptcy proceedings. *See* Dkt. 28; Dkt. 29. Brown has since amended her Summary of Schedules to include her interest in the current lawsuit, Dkt. 30 at 17, but no further action has yet occurred in the bankruptcy court.

On May 26, 2017, Brown filed her original complaint in D.C. Superior Court, seeking damages from First Horizon, First Tennessee, and a number of other allegedly related banking and mortgage institutions. Dkt. 1-1. She also filed an Application for a Temporary Restraining Order and Motion for a Preliminary Injunction. *See* Dkt. 1-2 at 96. The D.C. Superior Court referred Brown's case to mediation, where the parties reached a consent agreement under which Brown agreed to dismissal of her pending applications for a temporary restraining order and preliminary injunction. *Id.* Following the mediation, on June 15, 2017, the Superior Court dismissed Brown's case "in its entirety without prejudice," but all agree that it did so in error. *Id.* In response, Brown moved to reopen the case and sought leave to amend her complaint, and she simultaneously filed her proposed amended complaint as a new action, naming two additional defendants. Dkt. 9 at 2; *see also* Dkt. 1-2 at 28; *Brown*, No. 17-cv-2102, ECF No. 1-1.

On October 3, 2017, the Superior Court reopened Brown's first action. *See* Dkt. 96. A week later, the Nationstar Defendants removed both the first and second actions to this Court. *See* Dkt. 1; *Brown*, No. 17-cr-2102, ECF No. 1. Because the actions were removed before the Superior Court had the opportunity to act on Brown's motion for leave to amend, the operative

4

complaints remain the initial complaint filed in the first action and the complaint, adding the additional defendants, filed in the second action. In all respects relevant to this motion, the operative complaints are identical. Those complaints allege claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; the Federal Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 *et seq.*; the Federal Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801 *et seq.*; the D.C. Mortgage Lender and Broker Act, D.C. Code § 26–1101 *et seq.*; the D.C. Consumer Protection Procedure Act, D.C. Code § 28–3901 *et seq.*; the D.C. Human Rights Act, D.C. Code § 1–2501 *et seq.*; and D.C. common law, Dkt. 1-1 at 11–39; *Brown*, No. 17-cv-2102, ECF No. 1-1 at 13–39.

After the actions were removed, Brown moved to consolidate the cases, Dkt. 9, and the Court granted her motion after Defendants were given an opportunity to respond, *see* Minute Order (Dec. 5, 2017). The Nationstar Defendants then moved to dismiss, arguing that Brown's claims are untimely because she entered into the loan agreement in 2004; that Brown lacks standing because she filed for bankruptcy after her claims, if any, accrued; and that Brown's complaints fail to state a claim upon which relief can be granted.[2] *See* Dkt. 12. Brown, in turn, opposed that motion, Dkt. 23, and moved to remand on three grounds: (1) the removal petition in

---

[2] Brown has voluntarily dismissed her claims against Synchrony Bank, JPMorgan Chase Bank N.A., GE Capital Mortgage Corporation (d.b.a.) Goldman Sachs Bank USA (GB Bank), Goldman Sachs Bank USA (GB Bank) f/k/a, GE Capital Mortgage Corporation, and GE Capitol doing business as Goldman Sachs Bank, pursuant to Federal Rule of Civil Procedure 41. Dkt. 18; Dkt. 27; Dkt. 22 at 4.

Civil Action 17-2101 was not timely; (2) all of the named defendants did not consent to removal; and (3) the D.C. Superior Court has concurrent jurisdiction to hear the case. *See* Dkt. 16.

## II. ANALYSIS

**A.      Motion to Remand**

A defendant may remove a case to federal court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Here, there is no question that this Court has subject matter jurisdiction over Brown's claims, the vast majority of which arise under federal law. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims). The fact that the state court—or, here, the D.C. Superior Court—might have concurrent jurisdiction over some or all of those claims is of no moment; if the federal court has subject-matter jurisdiction, and if Congress has not expressly precluded removal, the defendant may elect to litigate in the federal forum. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697–98 (2003); 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 at 2–3 (4th ed. 2009) [hereinafter Wright & Miller].

Brown also contends that the Nationstar Defendants' removal was procedurally defective for two reasons: First, they did not remove Civil Action No. 17-2101 within 30 days of their receipt of "a copy of the initial pleading" by "service or otherwise," as required by 28 U.S.C. § 1446(b)(1). Second, not all of the named defendants joined in or consented to the removal, as required by 28 U.S.C. § 1446(b)(2). As explained below, the Court is unpersuaded.

Civil Action No. 17-2102 was undeniably removed within 30 days. That action was filed in Superior Court on September 12, 2017, *Brown*, No. 17-cv-2102, ECF No. 1-1 at 1 (Complaint), and was removed 28 days later, on October 10, 2017, *Brown*, No. 17-cv-2102, ECF No. 1 (Notice of Removal). The circumstances surrounding the removal of Civil Action No. 17-2101, however, are more complicated. The Nationstar Defendants do not dispute that more than

6

30 days passed between the time they received the complaint by "service or otherwise" and the time they removed the action. That, however, does not resolve the matter, because the action was dismissed without prejudice on June 15, 2017—20 days after it was commenced. *See* Dkt. 1-1 at 2; Dkt. 1-2 at 96. The Superior Court subsequently concluded that the June 15 order was entered in error and that it had not intended "to resolve any dispute regarding monetary damages." Dkt. 1-2 at 96. Accordingly, on October 3, 2017, the Superior Court vacated its order of dismissal and reinstated the case. *Id*. Seven days later, the Nationstar Defendants removed the action to this Court. Dkt. 1. Thus, even assuming that the Nationstar Defendants were served or otherwise received the complaint on the day it was filed, only 27 days elapsed between that time and the time of removal, if the Court tolls the period of time during which the action had been dismissed. The timeliness of the removal petition, accordingly, turns on the question of whether the Court can, and should, toll that period of time.

As an initial matter, the Court has no doubt that it *may* toll the period of time the Superior Court action was dismissed. "[A] procedural defect in removal . . . does not affect the federal court's subject matter jurisdiction." *Ficken v. Golden*, 696 F. Supp. 2d 21, 26 (D.D.C. 2010) (quoting *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)); *see also Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011); *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (citing *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702–04 (1972)). And, because the procedural requirements for removal are not jurisdictional, and because the 30-day window is analogous to a statute of limitations, the presumption in favor of equitable tolling is applicable. *Cf. Holland v. Florida*, 560 U.S. 631, 645–46 (2010); *Young v. United States*, 535 U.S. 43, 49

(2001); *see also* Wright & Miller § 3731 at 579; *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762–63 (9th Cir. 2002).

The Court is also convinced that it *should* toll the 30-day period on the facts of this case. Indeed, as further explained below, under the circumstances present here, any other understanding of the 30-day requirement would be nonsensical. Brown makes only one argument to the contrary: She contends that the Nationstar Defendants knew that the action was mistakenly dismissed. They were present at the mediation at which she agreed to withdraw her motions for injunctive relief in return for certain actions by the Nationstar Defendants, and they knew that she never agreed to dismiss her claims for monetary relief. Dkt. 16 at 4–5. Because the Superior Court's order was merely intended to reflect the parties' agreement, Brown continues, they had to have known that it was entered in error.

For present purposes, the Court accepts Brown's description of the relevant events. But, even assuming that the Nationstar Defendants knew that the Superior Court erred in dismissing the action, including her claims for monetary relief, the fact remains that the action was dismissed for almost four months. During that period of time, Defendants could not have removed the action to this Court; the action was not pending and thus not subject to removal. In this respect, the language of 28 U.S.C. § 1441(a) is plain. A civil action brought in state court— or in the D.C. Superior Court—may be removed to the U.S. district court that embraced "the place where such action *is pending*." 28 U.S.C. § 1441(a) (emphasis added); *see Murcia v. A Capital Elec. Contractors*, 270 F. Supp. 3d 39, 43 (D.D.C. 2017). Because Defendants could not have removed the action while it was not pending, the Court concludes that the period of time from the Superior Court's entry of its order dismissing the action until its order vacating that order and reinstating the action should be tolled. Whether that conclusion follows from an

8

application of equitable tolling or from a commonsense understanding of the 30-day requirement, the removal petition was timely.

Brown's second argument—that not all the defendants joined in or consented to the removal—fares no better. Brown is correct that, for removal to be proper, each defendant must consent to removal. 28 U.S.C. § 1446(b). But that rule comes with a proviso: it applies only to those "defendants who have been properly joined and served." *Id.* When in dispute, moreover, "the burden lies with the plaintiff to prove proper service." *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 128 (D.D.C. 2013); *see also Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Brown has submitted evidence to the Court that, in her view, satisfies this burden. *See* Dkt. 16-1 at 2–11. That evidence, however, merely shows that some defendants who did not join in the removal petition were served with copies of Brown's motion for a temporary restraining order and notice of hearing on that motion. *See id.* at 7–8. Significantly, the affidavits of service that Brown relies upon provide a place for the server to indicate that the *complaint* was also served, and, in each instance, that box is not checked. *Id.* at 2–5. Similarly, the certificate of service from the Texas Secretary of State that Brown proffers only says that the Secretary served "a copy of the Notice of Hearing," *id.* at 7, and the affidavit of service on GE Capital Bank, likewise, shows only that a "Notice of Hearing; Motion" was served on an "authorized local agent," *id.* at 9. Brown also attaches documentation from the U.S. Postal Service with respect to First Tennessee, but First Tennessee is one of the removing defendants and thus consented to removal.

The Court appreciates the fact that Superior Court granted Brown's motion for leave to proceed *in forma pauperis* and, more importantly, ordered that "the officers of the Court will issue and serve all process." Dkt. 1-2 at 14. The evidence of process provided to the Court,

however, does not demonstrate that any defendant who failed to consent to the removal petition was, in fact, served with the complaint. The language of the statute is clear: only "defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[D]efendants who have not been properly served"—regardless of the reason—"may be ignored . . . for the purpose of requiring their joinder in the notice of removal." Wright & Miller § 3730 at 462.

The Court, accordingly, will deny Brown's motion to remand.

**B.  Motion to Dismiss**

Among other contentions, the Nationstar Defendants argue that Brown lacks standing to pursue her pre-petition claims because she failed to disclose those claims when she filed for bankruptcy in 2009. Because this defense goes to the Court's subject matter jurisdiction, the Court must address it before reaching any of the Nationstar Defendants' merits defenses. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–95 (1998).

"Because Article III limits federal judicial jurisdiction to cases and controversies, *see* U.S. Const. art. III, § 2, federal courts are without authority" to decide disputes unless the plaintiff has standing—that is, "a personal stake in the outcome of the controversy [sufficient] to warrant his invocation of federal-court jurisdiction." *Chamber of Commerce v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)) (emphasis omitted)). "In the context of [Chapter 7] bankruptcy proceedings, it is well understood that 'a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.'" *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010) (quoting *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam)). Because, "[g]enerally speaking, a pre-petition cause of action is the property of

10

the Chapter 7 bankruptcy estate," it follows that "only the trustee in bankruptcy has standing to pursue it." *Id.* (quoting *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)). Only if a trustee abandons its interest in any property of the estate, does that interest "revert[] to the debtor." *Kane*, 535 F.3d at 385.

Abandonment by the trustee, however, requires that the debtor disclose the cause of action as an asset. *See Dalley v. Mitchell Rubenstein & Assocs., P.C.*, 172 F. Supp. 3d 6, 14 (D.D.C. 2016); *Wissman v. Pittsburg Nat'l Bank*, 942 F.2d 867, 873 (4th Cir. 1991), *see also* 11 U.S.C. § 554. That requirement holds, moreover, even after the bankruptcy proceeding is concluded. As this Court has previously explained:

> The estate's interest in this lawsuit . . . [does] not revert back to [the debtor] when the bankruptcy proceedings conclude[ ]. [In this respect], the bankruptcy code is explicit. In the case of a "scheduled" claim (that is, a claim which *has* been disclosed to the bankruptcy court), the trustee may knowingly decline to pursue it, at which point the cause of action may be treated as "abandoned to the debtor." 11 U.S.C. § 554(a),(c). Under those circumstances, the interest reverts to the debtor, who may then have standing to pursue the pre-petition claim in post-petition litigation. *Moses*, 606 F.3d at 795. But, "[u]nless the [bankruptcy] court orders otherwise, property of the estate that is not abandoned" in a manner prescribed in § 554 "and that is not administered in the [bankruptcy proceeding] remains property of the estate." § 554(d). Thus, because unscheduled claims are neither "abandoned" nor "administered," they remain with the estate even after the close of the case. *Parker*, 365 F.3d at 1272.

*McCain v. District of Columbia*, 206 F. Supp. 3d 576, 582 (D.D.C. 2016). Here, there is no dispute that Brown failed to disclose the pre-petition claims that she now seeks to assert when she filed her bankruptcy case in 2009, and, as a result, she lacks standing to assert those claims in this Court.

Brown does not take issue with this understanding of the law, but merely contends that she was unaware of her potential claims when she filed her bankruptcy petition and now seeks an opportunity to return to bankruptcy court to address her omission. To date, she has moved for

11

leave to reopen her case to schedule the omitted causes of action, Dkt. 28; has received leave to do so from the bankruptcy court, Dkt. 29; and has filed an amended schedule, Dkt. 30. As the bankruptcy court observed in granting her motion to reopen: If the previously undisclosed claims "prove[] to have meaningful value, [they] should be administered by the trustee for the benefit of the creditors," and, if appropriate, the "trustee can be substituted as the real party in interest" for purposes of pursuing those claims. Dkt. 29 at 8. This Court agrees that the bankruptcy trustee should be allowed to investigate the causes of action, to decide whether they merit further action, and, if not, to decide whether the claims should be abandoned to the debtor. The Court will, accordingly, stay this action until the trustee decides how to proceed. In the meantime, the Court will order that Brown file status reports with the Court every 60 days informing the Court of the status of the bankruptcy proceeding.

**C.     Post-Petition Claims**

Finally, Brown argues that her complaints also assert claims for alleged wrongdoing that occurred after she filed her Chapter 7 petition. To be sure, the complaints do contain scattered references to "continuing violations" over the course of "11 years . . . of mortgage statements." Dkt. 1-1 at 4; *Brown*, No. 17-cv-2102, ECF No. 1-1 at 6. In Brown's view, these references are sufficient to overcome the Nationstar Defendants' statute of limitations defenses and the hurdle posed by her 2009 bankruptcy petition. Dkt. 23 at 11–12. To the extent that Brown contends that her complaints set forth distinct claims relating solely to post-petition wrongdoing, however, the Court is unconvinced that she has satisfied the pleading requirements of Federal Rule of Civil Procedure 8(a). But, in any event, because Brown's post-petition claims, if any, are pled in a manner that is intertwined with her pre-petition claims, the Court concludes that it is premature to consider whether any post-petition claims might, standing alone, survive a motion to dismiss. The Court will, accordingly, deny the Nationstar Defendants' motion to dismiss Brown's post-

petition claims without prejudice. Once the bankruptcy trustee decides how to proceed, Defendants can, as appropriate, renew those motions.

## CONCLUSION

For the reasons stated above, Brown's motion to remand, Dkt. 16, is **DENIED**; the Nationstar Defendants' motion to dismiss, Dkt. 12, is **DENIED** without prejudice pending resolution of the reopened bankruptcy proceeding; Brown is **ORDERED** to file status reports with the Court every sixty days, as described above, beginning on October 8, 2018; and the case is otherwise **STAYED** pending further order of the Court.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 8, 2018